[Civ. No. 9642. Second Appellate District, Division One.—February 11, 1936.]

VIRGINIA BEATTIE, Respondent, v. RALPH MILLIKEN et. al., Defendants; LOIS B. NICHOLS, Appellant.

Paul Nourse and Forrest A. Betts for Appellant.

Lobdell & Watt and Carol G. Wynn for Respondent.

DORAN, J.—This is an action for damages resulting from an automobile collision.

Appellant was driving an automobile on Cucamonga Road in Los Angeles County at night, when an automobile driven by defendant Milliken, in which plaintiff was riding as a guest, collided with the rear end of the automobile operated by appellant. The night was foggy and appellant had stopped her automobile on the highway for the purpose of cleaning the windshield of moisture which had collected thereon.

It is contended that the evidence fails to show any negligence on the part of defendant and appellant, and further, that the evidence conclusively shows negligence on the part of the respondent proximately contributing to her injuries. These two controversies result principally from the dispute as to whether or not the defendant could have removed her automobile off the highway at the side thereof, and whether or not the plaintiff had negligently failed to caution the driver of the automobile in which she was riding, or to protest at the speed the car was traveling. These questions were presented to the jury on conflicting evidence and the jury found in favor of plaintiff; such a finding obviously cannot be disturbed on appeal.

It is further contended that the court erred in giving certain instructions; in modifying certain instructions requested by appellant, and in refusing to give certain of appellant's requested instructions.

Under the evidence presented at the trial, the jury was fairly and adequately instructed on the issues involved, and the record does not justify the assumption that prejudicial error resulted from the trial court's rulings in this regard.

Judgment is affirmed.

York, J., concurred.

HOUSER, P. J., Dissenting.—I dissent. In substance, the principal reason that is assigned by my associates for an affirmance of the judgment is, that with reference to the several issues of the negligence of defendant and the contributory negligence of plaintiff, respectively, the evidence on each of such issues was "conflicting", and that in such circumstances the implied finding by the jury cannot be disturbed by this court. Where such a condition prevails, especially in an appeal from a judgment that has been rendered in an action for damages that have arisen from personal injuries that have been sustained by the plaintiff therein, in an automobile collision, such a statement may be fairly accurate. But it is strictly true only when the evidence adduced on the trial shows that a *real* "conflict" exists as to the essential facts in the case. An exception to the general rule exists where it appears that notwithstanding the fact that the evidence adduced in behalf of the plaintiff in the action conflicted with that presented in behalf of the defendant therein, if, after wholly disregarding the defendant's evidence with reference to such negligence and considering the evidence in that regard introduced by the plaintiff only, it becomes manifest that, as a matter of law, the defendant could not be adjudged guilty of negligence; and in such circumstances, the fact that a jury may have decided to the contrary should neither preclude nor deter an appellate tribunal from exercising its lawful right and duty in the premises. And. conversely, the same rule applies where a question of the contributory negligence of the plaintiff is involved in the action. And so in the instant appeal, if notwithstanding the fact that as to some incidental or immaterial facts the evidence presented on the trial of the action on the one side may not entirely agree with the evidence produced on the other, nevertheless, if in the main and determinative facts no real conflict exists, the fact that the jury may have impliedly

absolved the plaintiff from contributory negligence, and that likewise it may have resolved that the defendant was guilty of negligence, will present no insuperable obstacle to this court in its application of legal principles to the controlling facts in the case. With so much as a foundation, it may be not improper to state the pertinent facts regarding which no dispute exists, or is claimed to exist between the respective parties, to wit:

At the time when the accident in question occurred, plaintiff was an intelligent young woman of 19 years of age; was a student at Pomona college; and as the guest of one Milliken, was then riding in an open automobile on a paved road of the width of 24 feet. The road was flanked with a dirt or gravel shoulder for a width of from two and one-half to four feet, that sloped downward into a ditch that was about one foot deep and which was used for the purpose of carrying surplus irrigating water. The shoulder was more or less covered with grass and weeds. The accident occurred on a ''densely'' foggy night,—so foggy that Milliken testified that the greatest distance at which an automobile would have been visible did not exceed 21 feet from the point where he was sitting in the automobile that he was driving;—from 12 to 21 feet, to be more nearly exact. In such circumstances, although Milliken was driving at a rate of 20 miles per hour, he made no effort to increase the distance of his vision, either by cleaning the mist from the windshield of the automobile or by attempting to look around the windshield. However, in the latter particular, plaintiff did make such an effort, but could see no further than 10 feet. In fact, she was barely able to see dim ''shapes'' of trees on the side of the road that were not over 10 feet from where she sat in the automobile. She also observed that during all the time that the automobile was traveling a distance of 500 feet immediately preceding the point where the accident occurred, although the automobile was traveling at a rate of 20 miles per hour, Milliken neither attempted to clean the windshield, to look around it, nor to make any other effort to increase the distance of his vision. Manifestly, Milliken was guilty of negligence that contributed proximately to the happening of the accident; and plaintiff, who was fully aware of his negligent acts in the premises, made no

protest to him concerning any part of such conduct, nor made even the slightest effort to better the existing conditions to the end either that a collision with defendant's automobile, or with any other object on the highway, might be prevented. Considered from a standpoint of exercising care that an accident might not result, as far as the occupants of the automobile in which plaintiff was riding were concerned, each of them might just as well have been blindfolded. To my mind, plaintiff's absolute and total failure in regard to using the care that under the circumstances she should have used also constituted contributory negligence that should have prevented her from recovering a judgment against the defendant.

Moreover, it is not controverted that defendant, having observed the fact that the fog was very dense and that mist on the windshield of her automobile obscured her vision, for the purpose of cleaning the windshield drove her automobile to the right side of the pavement, in a position where the wheels thereof on its right side were not more than one foot from the extreme right edge of the pavement; and even not taking into consideration either the condition of the shoulder of the road, or the depth of the ditch, at most (without allowing for the overhang of the mudguards on defendant's automobile, but estimating solely from the position occupied by the right wheels of defendant's automobile) it was no greater distance from the extreme right edge of the entire road than five feet. The width of the automobile was about five and one-half feet; and in complete compliance with statutory requirements, from where it stood on the road a clear space was left on the highway of about seventeen and one-half feet "for the free passage" of the automobile occupied by plaintiff. (Sec. 136, Cal. Vehicle Act.) The light on the rear of defendant's automobile was burning at all times. Considering the fact that the night was "densely" foggy; that the dirt shoulder on the road was covered with vegetation; that the shoulder was from two and one-half to four feet wide only, and sloped down into an irrigating ditch that was approximately one foot deep; and that as a consequence, without getting the wheels on the right side of defendant's automobile into that ditch, it was impossible to get the automobile wholly off the pavement; it is difficult

as a matter of law, to determine in just what particular defendant may be said to have been negligent. To my mind, in the circumstances then present, neither as a matter of fact nor as a matter of law was it "practicable to park or leave such vehicle standing off of the paved . . . portion of such highway", as provided by the terms of section 136, California Vehicle Act; besides, a clear space of more than fifteen feet between defendant's standing automobile and the further side of the paved road was available "for free passage" to the automobile that was driven by Milliken (sec. 136, Cal. Vehicle Act), which was all the care that was demanded of defendant by the terms of the statute. I am not convinced that as a matter of law defendant was guilty of a violation of any of the provisions of the California Vehicle Act, or of any other statute, or "rule of the road" to which the attention of this court has been directed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 10, 1936.